UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATTHEW JONES, | : | |
| | : | |
| Plaintiff, | : | No. 3:19-MC-56 (VLB) |
| | : | |
| v. | : | |
| | : | July 26, 2019 |
| YALE UNIVERSITY ET AL, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## RULINGS AND ORDER DISMISSING CASE

Before the Court is Plaintiff's Motion to Reconsider Petitions and Motions for Pre-Filing Depositions. This action was commenced on April 22, 2019, by Plaintiff Matthew Jones ("Plaintiff" or "Jones") proceeding *pro se*. Plaintiff's filings include a case caption naming as defendants Yale University and the Attorney General for the State of Connecticut. Plaintiff seeks to depose Dr. Luis David, Google Inc., and IBM Corporation. Plaintiff has filed numerous lawsuits in this Court including, *Jones v. State of Connecticut Superior Court et al*, No. 17-CV-599 (MPS) and *Jones v. Yale University,* No. 18-CV-1325 (VLB). Both cases were dismissed, and Plaintiff appealed. Plaintiff has no other outstanding actions before this Court.

Plaintiff brings the current action pursuant to Federal Rule of Civil Procedure 27. Rule 27(a) states in relevant part:

> **(1) Petition.** A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

1

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a). "Rule 27 applies where testimony or evidence might be lost to a prospective litigant, requiring an immediate taking of the deposition to preserve it for future use . . . and a court, within its sound discretion, may grant an order to take a deposition if it is satisfied that a failure or a delay of justice may thereby be prevented." *In re Yamaha Motor Corp.*, 251 F.R.D. 97, 98-99 (N.D.N.Y. 2008) (internal citations and quotation marks omitted).

"In order to prevail on their Rule 27 petition, the petitioners must satisfy three elements. First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed." *In re Petition of Allegretti*, 229 F.R.D.

93, 96 (S.D.N.Y. 2005). For the following reasons, Plaintiff cannot satisfy any of these elements and his Motion must be denied.

First, Plaintiff cannot meet the first element because he has not set forth the facts he wants to establish by the proposed testimony and the reasons to perpetuate it. Fed. R. Civ. P. 27(a)(1)(C). Plaintiff claims Dr. David could "attest to childhood mistreatments, poisonings, rapes, molestations, and other counts of pedophilia, wounds, and attempted murders committed against [him] by named Defendants in previous lawsuits and to claims which the court has in libel described as 'delusional or fantastic factual scenarios.'" Plaintiff does not explain the facts he would like to establish through a deposition of Google Inc. He states that Google Inc. has "established a constant surveillance" of the United States and he would like "the atrocities that [he has] experienced by the will of defendants who [he has\ named and [has yet] to name to be included as evidence by the power of actually watching the event." Similarly, with IBM Corporation, Plaintiff states he "would like permission of IBM to gain the recording of his] own life in response to past and future complaints filed by me which in the past have been dismissed by the court." These recitations do not set forth any specific facts or the reason to preserve them. Therefore, Plaintiff fails to meet the first element.

Next, Plaintiff does not, and cannot, establish in good faith that he expects to bring an action cognizable in federal court, but is presently unable to bring it or cause it to be brought. As explained above, Plaintiff's previous cases have been dismissed as futile and his motions to reopen have been denied. The current action appears to be based on the same allegations as the prior two actions. *See* Ruling

and Order, *Jones v. State of Conn. Super. Ct. et al*, No. 3:17-cv-599 (D. Conn. May 25, 2017), Dkt. No. 7; *see also* Ruling and Order, *Jones v. Yale University*, No. 3:18-cv-1325 (D. Conn. Aug. 31, 2018); Dkt. 9. Plaintiff claims Defendants abused him, sexually assaulted him, and attempted to murder him. The Court has already found that these claims fail to state claims upon which relief can be granted, are barred by *res judicata*, and are time-bared. *See also* Ruling and Order, *Jones v. Yale University*, No. 3:18-cv-1325 (D. Conn. Aug. 31, 2018); Dkt. 9. For these reasons, Plaintiff also fails to meet the second element. Lastly, Plaintiff cannot meet the final element because he wholly fails to allege that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed.

For the foregoing reasons, Plaintiff's Motion to Reconsider Petitions and Motions for Pre-Filing Depositions is DENIED. In light of this disposition of Plaintiff's Motion, his Motion for Leave to Proceed in forma pauperis is moot and also DENIED. The Clerk is directed to close this file.

           **IT IS SO ORDERED.**

*Vanessa Lynne Bryant* Vanessa Bryant
2019.07.26 09:22:36 -04'00'

**Hon. Vanessa L. Bryant
United States District Judge**

Dated at Hartford, Connecticut: July 26, 2019.